IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESS BUTIKOFER, an individual; BEN HULSE, an individual; TREVOR JONES, an individual,<br><br>Plaintiffs,<br>v.<br><br>GREGORY NYGREN, an individual; ROBERT DOUG CARDON, an individual; RYAN BUCHANAN, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**<br><br>Case No. 2:16-cv-00610-DN<br><br>District Judge David Nuffer |

**Contents**
BACKGROUND ............................................................................................................................. 1
DISCUSSION ................................................................................................................................. 3
    Plaintiff's Choice of Forum Is Given Deference ................................................................ 4
    Defendant Has Not Met Its Burden of Showing Inconvenience......................................... 8
    Transfer to Arizona Would Merely Shift Certain Costs to the Plaintiff ........................... 11
    There Is No Question Regarding the Enforceability of a Judgment ................................ 12
    There Are No Relative Advantages or Obstacles to a Fair Trial in Utah ......................... 12
    Arizona Has a More Congested Docket ........................................................................... 12
    Utah's Conflict of Law Test Will Determine Which State's Law Will Apply ................. 13
    There Is a Slight Interest in Having a Court Sitting in Arizona  Preside Over an Action
        Addressing an Issue of Local Law ....................................................................... 14
    Balancing of the Factors Weighs Against Transfer .......................................................... 15
ORDER .......................................................................................................................................... 15

**BACKGROUND**

Jess Butikofer, Ben Hulse, and Trevor Jones ("Plaintiffs") filed this case June 14, 2016.

They allege fourteen causes of action against Gregory Nygren, Robert Doug Cardon, and Ryan

Buchanan ("Defendants")[1] which arise out of the parties' common ownership in a series of pest

---

[1] Complaint & Jury Demand ("Complaint") ¶¶ 5–8, 140–325, docket no. 2, filed June 14, 2016.

control companies, each of which was organized as an LLC ("the LLCs").[2] Plaintiffs allege that the Defendants

- improperly diluted Plaintiffs' membership interests when the LLCs were transferred via asset purchase agreements;[3]
- used company funds improperly, including the use of such funds to cover personal expenses;[4]
- breached duties of good faith and loyalty by establishing a call center that diverted business from the parties' LLCs;[5] and
- improperly altered commission arrangements, thereby denying Plaintiffs of their due profits.[6]

Subject matter jurisdiction is based on federal securities law.[7] Plaintiffs allege that venue is proper according to 28 U.S.C § 1391 because "a significant part of the events giving rise to the claims occurred in the state of Utah."[8]

Defendants filed a Motion to Transfer Venue ("Motion") under 28 U.S.C. § 1404(a), claiming that "venue in Arizona is proper as it is more convenient for the majority of the parties."[9] Defendants claim that no significant portion of the events giving rise to the claims occurred in Utah.[10] Plaintiffs filed a Memorandum in Opposition ("Opposition"),[11] to which the Defendants filed a Reply ("Reply").[12] For the reasons stated below, the Motion is DENIED.

---

[2] *See id.* ¶¶ 14–15.

[3] *Id.* ¶¶ 27–59.

[4] *Id.* ¶ 84.

[5] *Id.* ¶¶ 70–71.

[6] *Id.* ¶¶ 60–67.

[7] *Id.* ¶ 11.

[8] Complaint ¶ 12.

[9] Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion") at 5, docket no.14, filed July 29, 2016.

[10] Defendant's Answer to Plaintiff's Complaint at 9 ("Answer"), ¶ 12, docket no. 18, filed August 9, 2016.

[11] Plaintiff's Memorandum in Opposition to Defendant's Motion to Transfer Venue ("Opposition"), docket no. 21, filed August 12, 2016.

[12] Defendant's Reply in Support of Their Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Reply"), docket no.27, filed August 29, 2016.

## DISCUSSION

Under 28 U.S.C. § 1404, a district court may "transfer any civil action to any other district or division where it might have been brought" if doing so furthers "the convenience of parties and witnesses" and is "in the interest of justice."[13] Although the court has "broad discretion" in deciding whether to grant such a transfer,[14] the Tenth Circuit has outlined factors that "a district court should consider."[15] These factors include:

- the plaintiff's choice of forum;

- the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;

- the cost of making the necessary proof;

- questions as to the enforceability of a judgment if one is obtained;

- relative advantages and obstacles to a fair trial;

- difficulties that may arise from congested dockets;

- the possibility of the existence of questions arising in the area of conflict of laws;

- the advantage of having a local court determine questions of local law; and

- all other considerations of a practical nature that make a trial easy, expeditious and economical.[16]

The party seeking transfer bears the burden of establishing "strong evidence" and "compelling equities" in its favor.[17] The evidence must establish more than that the transferee

---

[13] 28 U.S.C. § 1404(a) (2012).

[14] *Chrysler Credit Corp. v. County Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991).

[15] *Id.* at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).

[16] *Id.*

[17] *Mackey v. Marks*, No. 2:14-CV-00093-TC, 2014 WL 5325219, at *5 (D. Utah Oct. 17, 2014).

district is "equally convenient or inconvenient."[18] "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."[19] In weighing the facts under each factor in the analysis, the facts should "weigh heavily in favor" of the movant's venue or the factor will be considered "neutral."[20] Neutral or irrelevant factors will not assist the moving party in meeting its burden.[21] "Courts in this circuit have recognized that when reviewing a motion to transfer, 'a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party.'"[22]

After considering each of the factors, transfer of this case is not appropriate.

### Plaintiff's Choice of Forum Is Given Deference

In considering a motion to transfer venue, the plaintiff's choice of venue is given deference and "should rarely be disturbed."[23] However, it is afforded less deference if "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum,"[24] or "if the plaintiff does not reside in the district."[25] Applying this standard, Plaintiff's chosen forum, Utah, is given deference.

---

[18] *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1205 (D. Utah 2014) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 646 (1964)).

[19] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *ROC, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 152 (W.D. Okla. 1979)).

[20] *See Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1336 (D. Utah 2014).

[21] *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.* 618 F.3d 1153, 1170 (10th Cir. 2010) (explaining that "[t]he remaining factors are either neutral or irrelevant" in holding that the district court did not abuse its discretion in denying a motion to transfer venue); *Rivendell Forest Prod., Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 994–95 (10th Cir. 1993).

[22] *Thompson v. Titus Transp., LP*, No. 11-CV-1338-EFM-KMH, 2012 WL 5933075, at *3 (D. Kan. Nov. 27, 2012) (quoting *Sleepy Lagoon, Ltd. v. Tower Group, Inc.,* 809 F.Supp.2d 1300, 1306 (N.D.Okla.2011)).

[23] *Scheidt*, 956 F.2d at 965.

[24] *Employers Mut. Cas. Co.*, 618 F.3d at 1168.

[25] *Id.*

**Plaintiffs' Residence**. One of the Plaintiffs, Jess Butikofer, resides in Utah.[26] One of the Plaintiffs, Hulse, resides in Arizona. The third Plaintiff, Jones, has his primary residence in Idaho. While the residency of two plaintiffs outside of Utah might suggest that the forum would not be given deference,[27] one of the Plaintiffs (Butikofer) does reside in Utah.[28] Thus, this is *not* a case where "the plaintiff does not reside in the district."[29] Accordingly, plaintiff's choice of venue is given deference.

**Material Relation to the Forum**. To overcome the deference given the Plaintiff's choice of forum, a movant must do more than show that their chosen venue bears equal relation to the operative facts as the plaintiff's choice.[30] In *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*,[31] the Tenth Circuit analyzed the facts giving rise to the lawsuit to see if they had a significant connection to the plaintiff's chosen forum.[32] The Tenth Circuit concluded that there was no "single, alternative venue" that would be more appropriate than the plaintiff's chosen forum.[33] Because the facts of the case occurred in multiple venues, all of which had sufficient ties, the defendant in *Employers Mutual* could not show that the plaintiff's choice of forum did

---

[26] Complaint ¶¶ 1–8.

[27] *Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1335 (D. Utah 2014).

[28] *Quest Software, Inc. v. Centrify Corp.*, No. 2:10-CV-859 TS, 2011 WL 1085789, at *2 (D. Utah Mar. 21, 2011) (giving deference to the plaintiff's choice of venue even though it was not a resident of the district because the subject matter of the patent in question was conceived of in the district by residents).

[29] *Employers Mut. Cas. Co.*, 618 F.3d at 1168.

[30] *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991) ("The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.").

[31] 618 F.3d 1153 (10th Cir. 2010).

[32] *Id.* at 1168.

[33] *Id.* (internal quotation marks omitted).

*not* have "a material relation or significant connection" to the underlying facts.[34] Under these circumstances the court found that this "factor weigh[ed] against transferring the action."[35]

While Defendants assert that Arizona is a more appropriate venue because the LLCs "are Arizona companies operating with a principal place of business in Arizona[,]"[36] this is an insufficient showing for transfer: Like the argument proffered by the defendants in *Employers Mutual*, this only establishes that the "'locus of operative facts' approach does not generate a single, alternative venue." [37] Instead, Defendants would need to show that plaintiff's choice of forum—Utah—does not have a material relation to the facts giving rise to the lawsuit.

Both parties have submitted declarations that allege facts intended to support or deny a nexus to Utah. Plaintiff describes the LLCs' ties to Utah, particularly as they stem from the operation of "Homeshield of Salt Lake," which operated in Utah and is one of the seven Arizona LLCs.[38] On certain points, the Defendants' declarations contradict the Plaintiffs' declarations. For example, the parties' declarants disagree on the number of times Defendants travelled to Utah in the last year[39] and whether Utah or Arizona has been the central location for recruiting.[40] These factual conflicts are resolved in favor of the non-moving party.[41]

In other instances, the parties' declarations are not in actual disagreement about the facts. For example, one of Plaintiffs declares: "In Provo, Utah, there is or was a year-round corporate

---

[34] *Id.*

[35] *Id.*

[36] Motion at 5.

[37] *Employers Mut. Cas. Co.*, 618 F.3d at 1168.

[38] *See* Decl. of Jess Butikofer ("Butikofer Decl.") ¶ 4–5, Ex. A to Opposition, docket no. 21-2, filed Aug. 12, 2016; Motion, at 7.

[39] *Compare* Decl. of Gregory Robert Nygren ("Nygren Decl.") ¶6, Ex. G to Reply, docket no. 27-1, filed Aug. 29, 2016, *with* Butikofer Decl. ¶ 20.

[40] *Compare*  Nygren Decl. ¶¶ 11–13, *with* Butikofer Decl. ¶¶ 15–19.

[41] *Thompson v. Titus Transp., LP*, No. 11-CV-1338-EFM-KMH, 2012 WL 5933075, at *3 (D. Kan. Nov. 27, 2012).

training office located at 2230 N. University Parkway Ave., Suite 11E;"[42] "This facility has been treated practically as a secondary company headquarter facility for Defendants' HomeShield Pest Control and EcoShield Pest Control Companies;"[43] and "HomeShield of Salt Lake has or had a company office located in Sandy, Utah which had several employees, including a branch manager and secretaries, to conduct its business."[44] One of Defendants declares that "[t]he Arizona Companies, including the Salt Lake City business, do not/did not have any employees at the Provo facility."[45] However, Defendant's statement does not deny the existence of the year-round corporate training office in Provo, Utah, or the company office in Sandy. The truth of Plaintiffs' statements is not negated by the statement by the Defendant. Anyway, to the extent these statements conflict, they are resolved in favor of the non-moving party, the Plaintiffs.

The Plaintiffs have identified other facts to show that Utah has a "significant connection" to the controversy. In their Complaint, Plaintiffs allege that Butikofer's 33.5% membership interest in Homeshield Pest Control SLC, LLC, which operated in Utah, was diluted by Defendants.[46] This fact establishes a connection to Utah. Plaintiffs also allege a breach of contract that diminished the commissions they received, including commission on sales within the state of Utah.[47] This is another connection to Utah. In addition, Plaintiffs allege that the Call Center operated in Utah and improperly diverted business away from the parties' jointly held enterprises.[48] This is also a connection to Utah.

---

[42] Butikofer Decl. ¶ 8.

[43] *Id*.

[44] *Id.* ¶ 9.

[45] Nygren Decl. ¶7.

[46] Complaint ¶¶ 55–58; Opposition ¶ 10.

[47] Complaint ¶¶ 60–69.

[48] *See Id.* ¶¶ 70–83; Opposition ¶ 12.

The pleadings and declarations show that the dispute concerns at least seven LLCs.[49] While the LLCs may have been incorporated in Arizona,[50] they conducted business in Maryland, Colorado, Utah, and Texas.[51] Plaintiffs declare that while operating the LLCs, they were "rarely, if ever, in Arizona" and "spent most of their time in the territorial boundaries of their respective companies."[52] Each of these other venues may have a significant connection to the operative facts, but this does not diminish the material connection of Utah.

Plaintiff's choice of forum should be given deference because one of the Plaintiffs resides in Utah and the facts giving rise to this lawsuit have a material relation to this forum. The Plaintiffs' choice of forum weighs in favor of this venue, not in favor of transfer.[53]

### Defendant Has Not Met Its Burden of Showing Inconvenience

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[54] "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary."[55] Regarding the second factor, "it is necessary that some factual information relative to the materiality of witness testimony and the considerations mentioned above be supplied to the trial court."[56] The court

---

[49] *See* Complaint ¶¶ 31, 37, 42, 49, 55.

[50] *See* Motion, Ex. A, Ex. B ¶ 4.

[51] Opposition ¶¶ 19–23.

[52] *Id.* ¶¶19–20.

[53] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

[54] *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1206 (D. Utah 2014) (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co.,* 816 F.Supp. 667, 669 (D.Kan.1993)).

[55] *Employers Mut. Cas. Co.*, 618 F.3d at 1169 (brackets omitted) (citations omitted).

[56] *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (quoting *ROC, Inc. v. Progress Drillers, Inc.,* 481 F.Supp. 147, 152 (W.D.Okla.1979) (citations omitted)).

must consider "all relevant witnesses"[57]—including those called by the plaintiff. Where a transfer of venue would be more convenient for some witnesses but inconvenient for other witnesses, this factor does not weigh in favor of transfer.[58] Defendants have met their first burden by identifying witnesses, but they have not met their burden on the other two factors. Accordingly, inconvenience of witnesses does not weigh in favor of transfer.

Defendants have identified twenty-two witnesses and their locations.[59] All but one of these witnesses reside in Arizona.[60] Defendants have described the materiality and quality of *seven* of these twenty-two witnesses. The following witnesses likely have testimony or information material to the case:

- three employees of the accounting firm employed by the LLCs;
- two members of one of the LLCs (the "Houston LLC");
- the director of the Call Center; and
- the Chief Operating Officer of the LLCs.

However, the Defendants have not shown that any of these seven witnesses are unwilling to travel to Utah for trial.

The Reply relies on declarations from a completely different set of five witnesses. Each of these witnesses declares that they are unwilling to travel to Utah. However, Defendants have made only a minimal showing of the relevance of these five witnesses' testimony and they were not identified in the Motion. The declarations simply identify them as "member[s]" of various

---

[57] *Cmty. Television of Utah, LLC*, 997 F. Supp. 2d at 1207.

[58] *Id.*

[59] Motion at 7–11.

[60] Ryan Wilder declares that he is a resident of Oregon. *See* Motion at 7; Decl. of Ryan Wilder ¶ 2, Ex. E to Reply, docket no. 27-1, filed Aug. 29, 2016.

Ecoshield entities,[61] and state that "every single member of these pest control entities are [sic] relevant witnesses in this case."[62] The witnesses' declarations assert either that they have "relevant information regarding the Plaintiffs' claims in this case,"[63] or that they have "information regarding the nature of the Defendant's business arrangements that would be relevant to this case."[64] However, "allegations alone are not sufficient to satisfy" the "strong evidence" required to meet the Defendant's burden.[65] Defendant has not established that these five witnesses have relevant testimony. Of the twenty-two witnesses listed in their Motion, the Defendants have only shown that seven are material. These seven have not been shown to be unwilling to travel to Utah for trial.

Defendants cite *Cook v. Atchison, Topeka & Santa Fe Railway Co*.[66] to support their assertion that they "cannot be forced to call every single witness by deposition."[67] In *Cook*, plaintiffs' automobile and defendants' train collided in Oklahoma.[68] The plaintiffs filed suit in Kansas, even though they were residents of Oklahoma and the accident occurred in Oklahoma.[69] Defendants moved to transfer venue to Oklahoma since the key witnesses to the accident—including eye witnesses, the investigating police officer, a treating physician, and city officials responsible for maintaining the railroad—all resided in Oklahoma.[70] The court granted the

---

[61] Reply at 4–6.

[62] *Id.* at 5.

[63] Decls. of Kyle Worthen and Boyd Worthen, Exs. I, J to Reply, docket no. 27-1, filed Aug. 29, 2016.

[64] Decl. of Aaron Elder, Ex. K to Reply, docket no. 27-1, filed Aug. 29, 2016; Decl. of Steve Von Lutzow, Ex. L to Reply, docket no. 27-1, filed Aug. 29, 2016.

[65] *Mackey v. Marks*, No. 2:14-CV-00093-TC, 2014 WL 5325219, at *5 (D. Utah Oct. 17, 2014).

[66] 816 F. Supp. 667, 669 (D. Kan. 1993).

[67] Reply at 6.

[68] *Cook*, 816 F. Supp. at 668.

[69] *Id.*

[70] *Id.* at 669.

motion to transfer to Oklahoma because "[t]he accident occurred there. The majority of the witnesses and sources of proof are located there. Potential problems relating to the attendance of key witnesses at trial will be obviated by a transfer."[71]

Thus, *Cook* decided that the trial should take place in the forum with the best access to witnesses and other sources of proof. Plaintiffs have alleged that some of the acts that make up their tort and contractual claims occurred in Utah.[72] Defendants have not met the burden to show convenience of witnesses. While they have identified many witnesses that reside outside Utah, Defendants have not identified any material witness that would be unwilling to travel to Utah. Additionally, Plaintiffs have identified at least one witness who resides in Utah.[73] Accordingly, this factor does not weigh in favor of transfer.

### Transfer to Arizona Would Merely Shift Certain Costs to the Plaintiff

"Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."[74] "[I]n any case, there will be some witnesses who are inconveniently located."[75] Defendants cite airfare and lodging as costs that would favor Arizona as the more convenient venue. However, Plaintiff Butikofer resides in Utah and travel to Arizona would be inconvenient for him; Plaintiff Jones has declared that he frequently visits Utah and Utah is a more convenient location for him than Arizona.[76] Plaintiffs have identified witnesses in Idaho who would potentially incur the additional costs required to travel the increased distance to

---

[71] *Id.*

[72] *See* Opposition ¶ 15; Butikofer Decl. ¶ 9 (declaring that Homeshield of Salt Lake operates out of Utah); Complaint ¶¶ 70–83; Opposition ¶ 12 (alleging that Call Center operated in Utah and diverted business from LLCs).

[73] Opposition at 6, ¶ 33.

[74] *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

[75] *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1207 (D. Utah 2014).

[76] Decl. of Trevor Jones ¶ 4–5, 12–13, Ex. B to Opposition, docket no. 21-2, filed Aug. 12, 2016.

Arizona.[77] Transfer of this case to Arizona would merely shift the cost of travel from one party to another. Accordingly, this factor does not weigh in favor of transfer.

### There Is No Question Regarding the Enforceability of a Judgment

Defendants have not briefed the factor of judgment enforceability. It does not weigh in favor of transfer.

### There Are No Relative Advantages or Obstacles to a Fair Trial in Utah

Defendants have not presented any evidence that they would not receive a fair trial in Utah. They have argued that "[t]here is no concern that Plaintiffs will not receive a fair trial in Arizona since Plaintiff Hulse is an Arizona resident[,]"[78] but this does not support a finding that there are obstacles to obtaining a fair trial in Utah.[79] Accordingly, this factor does not weigh in favor of transfer.

### Arizona Has a More Congested Docket

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[80] In their Motion in Response, Plaintiffs have submitted statistics taken from a federally maintained website.[81] The statistics show the following:

---

[77] Butikofer Decl. ¶¶ 24–29.

[78] Motion at 11.

[79] *Cmty. Television of Utah*, 997 F.Supp. 2d at 1207.

[80] *Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1336 (D. Utah 2014).

[81] Decl. of Brody N. Miles at Ex. 3, Ex. D to Opposition, docket no. 21-7, filed Aug. 12, 2016.

|  | **Arizona** | **Utah** |
|---|---|---|
| **Median Time (in months) from Filing to Disposition in Civil Cases** | 7.1 | 10.8 |
| **Median Time (in months) from Filing to Trial** | 33.5 | 28.9 |
| **Pending Cases Per Judge** | 467 | 421 |
| **Average Weighted Filings** | 629 | 426 |

According to these statistics, the Arizona court is more congested by three of the four measures. Accordingly, this factor does not weigh in favor of transfer.

### Utah's Conflict of Law Test Will Determine Which State's Law Will Apply

The conflict of law factor is neutral because both Arizona and Utah will apply the same law. The complaint alleges a federal cause of action, "Violations of Federal Securities Fraud, 15 U.S.C. § 78j and SEC Rule 10-b5".[82] The substantive law of this claim would be the same in either venue. The complaint further alleges thirteen causes of action which are governed by state law.[83] "State law claims before a federal court on supplemental jurisdiction are governed by state law."[84] When a case is transferred to a more convenient forum pursuant to § 1404(a), the transferee court must apply the law of the transferor state.[85] When there is a conflict over which state's law will apply, "the court applies the choice-of-law principles of the forum jurisdiction . . . ."[86] Thus, whether this case is litigated in Arizona or Utah, either federal district court would apply Utah's choice-of-law analysis to determine which state's substantive law will

---

[82] Complaint ¶¶ 189–213.

[83] *See id.* at 19–45.

[84] *Time Warner Entm't Co., L.P. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1044 (10th Cir. 2004).

[85] *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).

[86] *Jin v. Ministry of State Sec.*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003).

13

govern.[87] There is no conflict of law over the federal law claim, and even if the case was transferred to Arizona, Arizona would apply Utah's choice-of-law test. Accordingly, this factor is neutral and does not weigh in favor of transfer.

### There Is a Slight Interest in Having a Court Sitting in Arizona Preside Over an Action Addressing an Issue of Local Law

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale."[88] However, courts give less weight to this factor when the legal issue involves contracts or less complex legal determinations.[89] Both Utah and Arizona federal district courts would apply Utah's choice-of-law test. Utah employs the significant relationship test to determine which state's law will govern.[90] Assuming that application of this test would result in a finding that Arizona law governs, Plaintiffs cite *TM2008 Investments, Inc. v. Procon*.[91] In *TM2008*, an Arizona appellate court interpreted the state's Limited Liability Company Act.[92] The court declined, absent any indication from the legislature, to extend the fiduciary and loyalty duties owed to shareholders and other members of closely held corporations to members of an LLC.[93] Assuming that this is the correct analysis and that Arizona state law will apply, there is a slight interest in having a court sitting in Arizona determine this issue. However, a federal court in Utah would also be able to apply the Arizona state appellate

---

[87] *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).

[88] *Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1336 (D. Utah 2014).

[89] *Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *12 (D.N.M. June 3, 2015).

[90] *Am. Nat. Fire Ins. Co. v. Farmers Ins. Exch.*, 927 P.2d 186, 190 (Utah 1996).

[91] 234 Ariz. 421 (Ct. App. 2014).

[92] *Id.* at 424–25.

[93] *Id.*

court's interpretation of the Arizona LLC Act. Accordingly, this factor does not weigh heavily in favor of transfer and is therefore neutral.

### Balancing of the Factors Weighs Against Transfer

Defendants have failed to show a *compelling* interest to overcome the deference given to Plaintiff's choice of forum. Although Defendants have shown that an alternate venue might be more convenient for some witnesses, witnesses are located in at least three states. Besides this factor, the only other interest weighing in favor of transfer is the possibility of having a federal court sitting in Arizona adjudicate an issue of Arizona state law. This interest is insufficient to overcome the weight given to the Plaintiff's choice of forum.

### ORDER

IT IS HEREBY ORDERED that the Motion[94] is DENIED.

Dated December 12, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[94] Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion") at 5, docket no.14, filed July 29, 2016.